DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-207-GCM

| KANISHA MONIQUE LATRICE ERWIN, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| MOUNT HOLLY POLICE DEPARTMENT, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Amended Complaint, (Doc. No. 4). She is proceeding *in forma pauperis,* (Doc. No. 3).

**I.  BACKGROUND**

*Pro se* Plaintiff Kanisha Monique Latrice Erwin, has filed a civil rights suit pursuant to 42 U.S.C. §§ 1983 and 1985. The Complaint was dismissed on initial review with prejudice as to the Mount Holly Police Department, and without prejudice as to her remaining claims. (Doc. No. 3). She has filed an Amended Complaint that is presently before the Court on initial review.

She names as the sole Defendant Mount Holly Police Officer S.M. Dodd. Her "cause of action" is "violated civil and disability rights." (Doc. No. 4 at 3). Plaintiff alleges, *verbatim*:

> I fear the sight of police officers because of this trauma mentally high risk pregnancy, disability rights violated had a pending criminal case because of the false allegations, from, 2016 to 2018.

(Doc. No. 4 at 2).

Her "injury" is "mentally traumatized." (Doc. No. 4 at 3). Her "request for relief" states "years of harassment violated disability and civil rights, disabled minor. $75,000 of Relief." (Doc. No. 4 at 5).

1

## II. STANDARD OF REVIEW

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges or immunities secured by the Constitution." Loftus v. Bobzien, 848 F.3d 278, 284 (4th Cir. 2017) (quoting Doe v. Rosa, 795 F.3d 429, 436 (4th Cir. 2015)). To state a claim under § 1983, a plaintiff must allege that the defendant, acting under the color of law, violated her federal constitutional or statutory rights and thereby caused injury. Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011).

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(b)(i)-(iii). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's Amended Complaint is completely devoid of factual allegations and is too vague and conclusory to state any action by a state actor that violated any rights whatsoever. The Amended Complaint will therefore be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS THEREFORE ORDERED** that:

(1) The Amended Complaint, (Doc. No. 4), is **DISMISSED** without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

(2) The Clerk of Court is directed to close this case.

Signed: August 30, 2018

Graham C. Mullen
United States District Judge